JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Monet Taylor

## DEFENDANTS

Aleanah Carrasquilo, John Does I-V and John Doe Companies VI-X

**(b)** County of Residence of First Listed Plaintiff    Mercer
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Riechelson, Esquire, Cohen & Riechelson
3500 Quakerbridge Road, Suite 203
Hamilton, NJ  08619

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332(a)(1)
Brief description of cause:
Motor Vehicle accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $    250000

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    Nov 20, 2025

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: *Frankford Avenue, Philadelphia*

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?  Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ is not related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10.  Civil Rights
☐ 11.  Habeas Corpus
☐ 12.  Securities Cases
☐ 13.  Social Security Review Cases
☐ 14.  Qui Tam Cases
☐ 15.  Cases Seeking Systemic Relief **\*see certification below\***
☐ 16.  All Other Federal Question Cases. *(Please specify):*_____

*B.  Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☒ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ does not have implications beyond the parties before the court and ☐ does / ☒ does not seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MONET TAYLOR

                          Plaintiff,

    vs.

ALEANAH CARRASQUILO and JOHN
DOES I-V and JOHN DOE COMPANIES
VI-X

                      Defendants.

## COMPLAINT

1. Plaintiff, Monet Taylor, is an adult individual, who at all times material hereto lived at 115 Kensington Avenue, Trenton, NJ 08618, and was a resident of the State of New Jersey.

2. Defendant, Aleanah Carrasquilo, is an adult individual, who at all times material hereto lived at 479 Oak Drive, Harleysville, PA 19138, and was a resident of the Commonwealth of Pennsylvania.

3. Defendants John Does I-V, is/are adult individuals, whose identities are unknown, and who are the owners or operators of the vehicle that was involved in the accident the is the subject of Plaintiff's Complaint, and/or was/were the employer of defendant, Aleanah Carrasquilo, who was operating a vehicle in the course and scope of her employment and/or agency.

4. Defendants John Doe Companies VI-X, is/are corporations or other business entities, whose identities are unknown, and who are the owners or operators of the vehicle that was involved in the accident the is the subject of Plaintiff's Complaint, and/or was/were

the employer of defendant, Aleanah Carrasquilo, who was operating a vehicle in the course and scope of her employment and/or agency.

5. Federal Jurisdiction is based on diversity of citizenship, 28 U.S.C. Section 1332(a)(1) in that the Plaintiff is a citizen of New Jersey, while Defendants are citizens of Pennsylvania.

6. Venue is based upon 28 U.S.C. Section 1391(b)(1) and 28 U.S.C. Section 1391(b)(2), as Defendants reside within this judicial district, and the accident occurred in Philadelphia, within this judicial district.

7. The Plaintiff's damages exceed the minimum jurisdictional amount required ($75,000), and are in excess of the arbitration limit ($150,000). A jury trial is demanded.

8. On January 7, 2024, Plaintiff, Monet Taylor was operating her car in or around Philadelphia, Pennsylvania. As Ms. Taylor was attempting to make a left turn, defendant, who was also making a left turn from the center lane, struck the plaintiff's vehicle.

9.  As a result of the aforementioned accident, plaintiff sustained injuries and damages more fully set forth below.

## COUNT 1 – NEGLIGENCE

10. Plaintiff incorporates the allegations contained in paragraphs 1-9 above, as though set forth at length herein.

11. Defendant, Carrasquilo and/or John Does I-V's negligence consisted of the following:

    a. Operation of a motor vehicle at high and excessive rates of speed under the circumstances;

    b. Failure to maintain the lane of travel;

c. Turning into plaintiff's lane while attempting to make a left turn and striking plaintiff's vehicle;

d. Failure to observe that plaintiff's vehicle was in the lane next to her also making a left turn;

e. Failure to yield the right-of-way to a vehicle already in a lane;

f. Failure to observe other vehicles on the roadway;

g. Failure to have defendant's motor vehicle under proper and adequate control under the circumstances;

h. Failure to have due regard for the point and position of said motor vehicle containing Plaintiff;

i. Violation of the statutes of the Commonwealth of Pennsylvania and local ordinances;

j. Otherwise failing to exercise due care under the circumstances;

k. Such other acts of carelessness and negligence as will appear in the course of discovery to be conducted pursuant to the Federal Rules of Civil Procedure at the time of trial in this case.

12. As a result of the Defendant's negligence and carelessness, Plaintiff, sustained injuries in and about her body extremities as well as mental anguish, which injuries are serious, severe and permanent, all of which have prevented and may continue to prevent Plaintiff from attending to her usual activities, duties, and occupations.

13. As a result of the Defendant's negligence and carelessness, Plaintiff has incurred and may continue to incur various medical expenses in and about an effort to cure her of the aforesaid injuries.

14. As a result of the Defendant's negligence and carelessness, Plaintiff has additionally incurred out of pocket medical bills, co-pays and deductibles due to the injuries sustained and medical treatment required.

15. In addition, Plaintiff has incurred medical bills that are recoverable as Plaintiff is not subject to the PAMVRL Sections 1720 and 1722 as she is not a resident of Pennsylvania. Plaintiff has incurred in excess of $106,000 of medical bills for which defendant is liable.


**WHEREFORE**, Plaintiff, Monet Taylor, demands judgments against the Defendant for compensatory damages, together with interest and costs of suit.

## <u>COUNT 2 – VICARIOUS LIABILITY</u>

16. Plaintiff incorporates the allegations contained in paragraphs 1-15 above, as though set forth at length herein.

17. At all times material hereto, defendants, John Does I-V and/or John Doe Companies VI-X, were the owners of the vehicle that was being driven by defendant, Aleanah Carrasquilo and/or John Does I-V, and/or was/were the employers of said individuals, who were operating said vehicle in the course and scope of their employment and/or agency.

18. Defendants, John Does I-V and/or John Does Companies VI-X, are vicariously liable for the acts and/or omissions of defendants, Aleanah Carrasquilo and/or John Does I-V, in the operation of said vehicle in the course and scope of their employment and/or agency. As a result of the Defendant's negligence and carelessness, Plaintiff, sustained injuries in and about her body extremities as well as mental anguish, which injuries are serious,

severe and permanent, all of which have prevented and may continue to prevent Plaintiff

from attending to her usual activities, duties, and occupations.

19. As a result of the Defendant's negligence and carelessness, Plaintiff has incurred and may

continue to incur various medical expenses in and about an effort to cure her of the

aforesaid injuries.

20. As a result of the Defendant's negligence and carelessness, Plaintiff has additionally

incurred out of pocket medical bills, co-pays and deductibles due to the injuries sustained

and medical treatment required.

21. In addition, Plaintiff has incurred medical bills that are recoverable as Plaintiff is not

subject to the PAMVRL Sections 1720 and 1722 as she is not a resident of Pennsylvania.

Plaintiff's medical bills exceed $106,000 for which defendants are liable.


**WHEREFORE**, Plaintiff, Monet Taylor, demands judgments against the Defendant for

compensatory damages, together with interest and costs of suit.

> **COHEN & RIECHELSON**
>
> *Kevin Riechelson*
>
> BY: _____
>
> Kevin S. Riechelson, Esquire
> I.D. #58960
> Cohen & Riechelson
> 3500 Quakerbridge Road, Suite 203
> Hamilton, NJ 08619
> 609-394-8585 (P)
> 609-394-8620 (F)
> kriechelson@crlawoffices.com
> **Attorneys for Plaintiff**